FORM 26(F)

REPORT OF PARTIES' PLANNING MEETING

FILED
Nov 19  I 29 PM '03
U.S DISTRICT COURT
NEW HAVEN, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------
RANDOLPH JOHNSON,

                Plaintiff,

  -against-

AON CORPORATION and
AON CONSULTING, INC.

                Defendants.
------------------------------------------------------------

**CIVIL ACTION NO:**
303 CV 715 (PCD)

Date Complaint Filed: April 21, 2003

Date Complaint Served: April 21, 2003

Date of Defendant's Appearance: August 13, 2003

    Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D.Conn.L.Civ.R. 38, a conference was held on August 21, 2003. The participants were:

    David Marek, for plaintiff, Randy Johnson

    Christina L. Feege, for Defendants

I.     **Certification:**

    The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

NEW_YORK:69606.1 026861.1025

**II.    Jurisdiction:**

    A.    <u>Subject Matter Jurisdiction</u>

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

    B.    <u>Personal Jurisdiction</u>

Aon does business in the State of Connecticut, and a substantial part of the events giving rise to Plaintiff's claims occurred in the state of Connecticut. At the time Aon terminated Mr. Johnson's employment, he was working in an Aon office located in Greenwich, Connecticut.

**III.    Brief Description of Case:**

    A.    <u>Claims of Plaintiffs</u>

This is a civil action for damages and remedies brought under (1) §§ 502 and 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, <u>et seq</u>. for failure to pay benefits; (2) the Age Discrimination in Employment Act ("ADEA") and the Connecticut Fair Employment Practices Act ("CFEPA") for the improper termination of Mr. Johnson's employment; and (3) the Connecticut Wage Law, C.G.S. § 31-71a, <u>et seq</u>.

    B.    Defenses and Claims (Counterclaims, <u>Third Party Claims, Cross Claims) of Defendants</u>

Defendants have denied all liability, and have asserted the following defenses:

    1)    Failure to state a claim upon which relief can be granted; 2) Failure to comply with and satisfy all of the procedural prerequisites for bringing and maintaining this action, including but not limited to, failure to elect and/or exhaust Plaintiff's administrative remedies under Defendants' benefits

years old.

- As a result of Aon Consulting's decision to terminate his employment, Mr. Johnson did not receive a bonus for the work he performed in the first quarter of 2002.

- Aon Consulting indicated it terminated Mr. Johnson's employment for cause and that he was, therefore, ineligible for severance pay.

The parties are not bound by the above statement of facts, which may be modified as warranted by the facts discovered in this matter.

**V.    Case Management Plan:**

    A.    Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    B.    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed.R.Civ.P. 16(b). To the extent a conference is held, the parties prefer a conference by telephone.

    C.    Early Settlement Conference

    1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement appears to be unlikely at this time, although at a later date, the possibility of settlement may be enhanced by a settlement conference facilitated by the Court.

    2.    To the extent a settlement conference is held, the parties prefer a settlement conference with the presiding judge.

    3.    At this time, the parties do not request a referral for alternative dispute resolution pursuant to D.Conn.L.Civ.R. 36 at this time.

    E.    Joinder of Parties and Amendment of Pleadings

1. Plaintiff should be allowed until December 5, 2003 to file motions to join additional parties and until December 5, 2003 to file motions to amend the pleadings.

2. Defendants should be allowed until December 5, 2003 to file motions to join additional parties and until December 5, 2003 to file a response to the complaint.

F. <u>Discovery</u>

1. The parties anticipate that discovery will be needed on the following subjects:

- Defendants' ERISA plans;
- The termination of Mr. Johnson's employment;
- Mr. Johnson's claim for age discrimination;
- Mr. Johnson's claim of emotional distress;
- Mr. Johnson's efforts to mitigate his damages; and
- Mr. Johnson's efforts to exhaust his administrative remedies under Defendants' ERISA plans.

2. All discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4), will be commenced by September 30, 2003 and completed by March 30, 2004.

3. Discovery will not be conducted in phases.

4. Discovery on issues for early discovery will be completed by: N/A

5. The parties anticipate that the plaintiff(s) will require a total of 5 depositions of fact witnesses and that the defendant(s) will require a total of 4 depositions of fact witnesses. The depositions will commence by November 1, 2003 and be completed by March 30, 2004.

6. The parties will not request permission to serve more than 25

interrogatories.

7.  Plaintiff does not intend to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by December 20, 2003. Depositions of any such experts will be completed by January 30, 2004.

8.  Defendants do not intend to call expert witnesses at trial. To the extent that intention changes, Defendant/s will designate all trial experts and provide opposing counsel with respect from retained experts pursuant to Fed.R.Civ.P. 26(a)(2) by February 12, 2004. Depositions of such experts will be completed by March 30, 2004.

9.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by November 1, 2003. To the extend such an analysis is provided at a date following the deposition of Plaintiff, the parties agree that the Plaintiff's deposition may be continued to permit an examination concerning any material set forth in his damages analysis.

G.  Dispositive Motions

Dispositive motions will be filed on or before May 1, 2004.

H.  Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 15, 2004 in the event that no dispositive motions are filed. Otherwise, a Joint Trial Memorandum will be filed within 60 days of decision on such dispositive motion.

## VI. TRIAL READINESS:

The case will be ready for trial by 30 days after Joint Trial Memorandum is filed.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By: _____ Date: 11/13/03
David Marek

Defendant

By: _____ Date: 11/13/03
Christina L. Feege

The undersigned pro se parties certify that they will cooperate with all other parties, counsel of record and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff_____ Date:

Defendant_____ Date: